IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL M.,[1] )<br>)<br>      **Plaintiff,** )<br>)<br>   v. )<br>)<br>FRANK BISIGNANO, )<br>**Commissioner of Social Security,** )<br>[2] )<br>)<br>      **Defendant.** ) | No. 25 C 232<br><br>Magistrate Judge<br>Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michael M.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 13] is denied and the Commissioner's decision is affirmed.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 30, 2021, Plaintiff filed an application for DIB, alleging disability since January 20, 2021. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 28, 2023 via video conference. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Jill Klein Radke also testified.

On November 8, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 20, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: migraine headaches; long haul COVID. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels work with the following non-exertional additional limitations: can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs; can occasionally balance; must avoid noisy environments and vibrations; and can have no exposure to hazards, including commercial driving.

At step four, the ALJ concluded that Plaintiff would be unable to perform any past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to

3

perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

4

high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her

duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for two reasons: (1) The ALJ failed to evaluate properly Plaintiff's RFC; and (2) the ALJ failed to evaluate properly Plaintiff's disabling symptoms.

#### A. The ALJ Properly Evaluated Plaintiff's RFC

In advancing his first argument, Plaintiff first claims that the ALJ improperly discounted the medical opinion of Dr. Chrisopher Rhyne. Dr. Rhyne opined that Plaintiff "was moderately to severely disabled regarding school/work/home life depending on his clinical symptom presentation and that he continued to have a profound disability." (R. 22.) The ALJ found this opinion

6

unpersuasive because the physical examination findings in the record consistently documented that Plaintiff was in no distress and that there were no positive objective findings.

As an initial matter, Dr. Rhyne's statements that Plaintiff is disabled do not qualify as medical opinions because the determination as to whether Plaintiff is disabled is reversed to the Commissioner. *See* 20 C.F.R. § 4041520b(c). Regardless, the ALJ supported his conclusion that Dr. Rhyne's opinion was inconsistent with the medical record with citations to the record. (R. 22.) To the extent the ALJ relied on the erroneous assertion that there were no examinations in the record that observed Plaintiff's use of an assistive device, this was harmless error. It is true that there are two instances in the record where Plaintiff was observed using a wheelchair, but these two instances alone do not support a finding of disability because they do not outweigh the evidence the ALJ cited for his determination that Dr. Rhyne's opinion was inconsistent with the rest of the record. *See Guranovich v. Astrue*, 465 Fed. Appx. 541, 543 (7th Cir. 2012) ("Because the ALJ's decision would be the same . . . , any error at step four was harmless.") To the extent Dr. Rhyne's opinion was supported by some other evidence in the record, the ALJ weighed the evidence and explained his reasoning for his determination, and this Court may not substitute its judgment for that of the Commissioner by reweighing the evidence. *Skinner*, 478 F.3d at 841.

Plaintiff also argues that the ALJ erred by not considering the consistency between Dr. Rhyne's opinion and the opinion of Dr. Kiran Chekka. First, similarly

7

to Dr. Rhyne, Dr. Chekka opined that "it would be impossible for [Plaintiff] to be gainfully employed in any job." This again does not qualify as a medical opinion because such a determination is reserved to the Commissioner. *See* 20 C.F.R. § 4041520b(c). Second, the ALJ discussed and weighed Dr. Chekka's opinion and also found it inconsistent with the overall record. The ALJ is not required to explicitly compare one medical opinion as consistent with another if he has determined that neither is consistent with the overall record and the ALJ has adequately supported his conclusions. *Meuser*, 838 F.3d at 910. To the extent Plaintiff implores this Court to reweigh the evidence, as explained, the Court is not permitted to do so. *Skinner*, 478 F.3d at 841.

> B.     **The ALJ Properly Evaluated Plaintiff's Disabling Symptoms**

In support of his second argument, Plaintiff argus that the ALJ failed to evaluate Plaintiff's symptoms properly because he used boilerplate language. Namely, Plaintiff complains of the ALJ's statement that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Plaintiff claims that this language demonstrates that the ALJ used the wrong standard in assessing Plaintiff's allegations (R. 20.) The Seventh Circuit has held that using this language does not mean that the ALJ applied the wrong standard. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Plaintiff also contends that the ALJ unduly relied on the medical evidence in discounting Plaintiff's statements regarding the intensity and persistence of his symptoms. Plaintiff merely conclusorily states that the ALJ exclusively relied on medical evidence and did not "consider the other factors." Plaintiff does not point to any other factor or piece of evidence upon which he believes the ALJ should have relied. As such, Plaintiff has failed to develop this argument and has not provided the Court with enough information to properly evaluate this claim. In any event, the Court finds that the ALJ relied upon Plaintiff subjective complaints, the medication he took, his other treatment, and precipitating and aggravating factors throughout his evaluation.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 13] is denied and the Commissioner's decision is affirmed.

**SO ORDERED.**             **ENTERED:**

**DATE:**    **January 20, 2026**         _____
                                                           **HON. MARIA VALDEZ**
                                                           **United States Magistrate Judge**